522 A.2d 37

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gregory TAYLOR, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 2, 1986.

Decided March 10, 1987.

548

Richard A. Lewis, Dist. Atty., Yvonne A. Okonieski, Deputy Dist. Atty., Harrisburg, for appellant.

Gregory Taylor, pro se.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION

McDERMOTT, Justice.

This is an appeal by the Commonwealth from an order of the Superior Court which vacated a judgment of sentence of the Court of Common Pleas of Dauphin County following appellees conviction by a jury on a charge of carrying a firearm without a license.[1]

The facts as they relate to the issue presented are these. On the evening of April 6, 1982, Harrisburg police received a report of a domestic disturbance at 124 Baum Street in which a pistol was involved. Shortly thereafter, Officer Klotzbeecher received a radio transmission alerting him that the man involved in the incident was one Gregory Taylor, that he was armed, and probably proceeding to a residence at 438 Boas Street in Harrisburg. The officer went to that address and knocked at the door, but received no response. He removed himself some distance and took up watch on the house.

Approximately ten to fifteen minutes had elapsed between the time of the report of the disturbance and his knock. Another fifteen to twenty minutes passed as he

1. 18 Pa.C.S. § 6106.

kept watch. Eventually a man, afterwards identified as Mr. Taylor, came out of the house and walked down a nearby alley. Officer Klotzbeecher hailed him. The man turned, answered "yes?", and approached the officer, removing a pistol from his jacket pocket as he did so. On the officer's command he dropped the weapon; a .38 semiautomatic pistol which was cocked and contained one chambered round and six more in the magazine. Officer Klotzbeecher placed Mr. Taylor under arrest and charged him with carrying a concealed weapon without a license. At the same time he was also charged with simple assault by menace with a pistol[2] by another officer who had responded to the report of the earlier incident on Baum Street. (N.T. 19).

On April 14th, at a preliminary hearing on the assault charge, Mr. Taylor was permitted to plead guilty to a reduced charge of the lesser included offense of harassment, a summary offense.[3] He was fined $150.00 and costs of $66.20.

The following day the same district justice held appellee for trial on the charge of carrying a concealed weapon without a license. He was subsequently tried on this charge, found guilty by a jury and sentenced to imprisonment of six to twenty three months, a fine of $500, and court costs.

Mr. Taylor appealed the judgment of sentence on grounds that the earlier conviction and fine on the harassment charge barred subsequent trial of the weapon charge under the Pennsylvania Crimes Code provision which prohibits prosecution of statutory offenses when there has been an earlier prosecution for a different statutory offense arising from the same criminal episode.[4] Superior Court found merit in his argument and vacated the judgment of sentence. From the Superior Court order the Commonwealth now appeals.

2. 18 Pa.C.S. § 2701(a)(3).
3. 18 Pa.C.S. § 2709.
4. 18 Pa.C.S. § 110.

550

The single issue presented by the Commonwealth is whether the Superior Court properly applied Section 110 of the Crimes Code to the facts and proceedings in the case.

The statutory provision, in its entirety, reads as follows: § 110. When prosecution barred by former prosecution for different offense.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which as not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination incon-

sistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

18 Pa.C.S. § 110.

The Superior Court premised its conclusion on determinations that the charges arose from the same criminal episode, and that the prosecutor was aware of the existence of the weapon charge at the time of the disposition of the reduced charge of harassment. The court then concluded that the facts and proceedings in the case placed it within the prohibition of subparagraph (1)(ii) of the statute, with the result that prosecution of the weapon charge here at issue was barred by the harassment conviction. *Commonwealth v. Taylor*, 334 Pa.Super. 242, 482 A.2d 1315 (1984).

With the court's conclusions that the charges arose in one episode, and that the prosecutor knew of the second charge at the time of disposition of the first, we have no quarrel. However, we think the condition requiring that the charges be within the jurisdiction of a single court was not satisfied on this record.

The charge of assault by physical menace, is classified as a misdemeanor of the second degree. 18 Pa.C.S. § 2701(b). Carrying a concealed firearm without a license, 18 Pa.C.S. § 6106, is a misdemeanor of the first degree. 18 Pa.C.S. § 6119. Neither is within the jurisdiction of a district justice as limited by the Judicial Code. 42 Pa.C.S. § 1515. On the other hand, both are within the jurisdiction of the Court of Common Pleas. 42 Pa.C.S. § 931. Consecutive prosecutions in the court of common pleas of this combination of charges arising in a single episode would arguably bring the prosecutor squarely within the prohibition of subparagraph (1)(ii). However, the record in this case indi-

cates that at the hearing on April 14th the first charge, i.e., assault by physical menace, was reduced by the prosecutor to a charge of harassment, which is a summary offense within the jurisdiction of both the district justice and the court of common pleas. 18 Pa.C.S. § 2709; 42 Pa.C.S. §§ 931(b); 1515(a)(1). Thus, when the defendant appeared before the district justice there existed two offenses, one being a summary and one being a misdemeanor. As such, the district justice had the power to finally dispose of one case, but had no jurisdiction to finally dispose of the other; and the situation is virtually indistinguishable from that in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983).

In *Beatty*, the defendant, following a vehicle collision, broke the jaw of the other driver and left the scene without identifying himself as required by the Motor Vehicle Code. 75 Pa.C.S. § 3743. Later the state police charged him with aggravated assault, 18 Pa.C.S. § 2702, and he was held for trial. Thereafter, he pled guilty before a district justice, to the summary offense of failure to give information. 75 Pa.C.S. §§ 3744, 3743(b). He subsequently moved for dismissal of the charge of aggravated assault in a pretrial motion and the court granted his motion. The Commonwealth appealed to Superior Court. That court reversed the court of common pleas and we affirmed, stating:

> ... [T]he stipulated facts that (1) the charges arose from the same incident and (2) the prosecution knew of the both violations at the commencement of the first proceeding satisfies only a portion of subsection (ii). We may not ignore the clause of that subsection which provides "and was in the jurisdiction of a single court ..." The charge of leaving the scene of an accident without providing proper identification under the Motor Vehicle Code in this Commonwealth is a matter within the original jurisdiction of the district justice. (Citation omitted).

*Id.*, 500 Pa. at 290, 455 A.2d at 1197–1198. The Court went on to say:

Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be achieved by the legislative enactment as well as promulgation of the compulsory joinder rule. The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed. *See, e.g., Commonwealth v. Jenkins,* 500 Pa. 144, 454, A.2d 1004 (1982); *Commonwealth v. Coley,* 466 Pa. 53, 351 A.2d 617 (1976).

*Id.,* 500 Pa. at 290–291, 455 A.2d at 1198.

Similarly, in this case our interpretation of section 110(1)(ii), which allows a summary offense to be disposed of prior to the prosecution for the misdemeanor, "does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns." *Id.* By allowing the district justice to dispose of the summary offense the defendant was no worse off than he would have been had the charge been bound over and joined with the greater offense. In addition, the disposition of the summary offense by the district justice has the advantage of narrowing the issues for the common pleas court, and furthers the interests of judicial economy. *See generally Beatty, id.,* 500 Pa. at 292, 455 A.2d at 1198 (Concurring Opinion, McDermott, J.)

Therefore, we conclude that since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the weapons offense.

The order of the Superior Court is reversed and the order of the court of common pleas is reinstated.