687 A.2d 815

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Kenneth A. GEYER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 1, 1996.

Decided Dec. 24, 1996.

Andrew S. Wade, Chester and Thomas J. Wagner, for Kenneth Geyer.

Susan E. Slusser, Joseph Madenspacher, and Brian E. Chudzik, Lancaster, for the Commonwealth.

588

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NEWMAN, Justice.

Kenneth A. Geyer (Geyer) appeals from the Superior Court Order, affirming the judgment of sentence entered by the Court of Common Pleas of Lancaster County (trial court) for the summary offense of driving with a suspended license. We granted allocatur to determine whether a conviction for a summary offense bars a subsequent prosecution for a different summary offense arising from the same criminal episode under Section 110 of the Crimes Code, 18 Pa.C.S. § 110, and our rule of compulsory joinder set forth in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (*Campana I* ), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (*Campana II* ).

## Background

The relevant facts are not in dispute. On June 25, 1993, a State Police trooper stopped Geyer for speeding on Route 222 in Lancaster County. Geyer informed the trooper that his operating privileges were suspended. The trooper issued Geyer a citation for driving in excess of the maximum speed limit, a summary offense,[1] but did not, at that time, issue Geyer a citation for driving while his operating privileges were suspended, which is also a summary offense.[2]

Geyer pleaded guilty to the speeding violation and paid the appropriate fine of $141.00 by mail. The district justice accepted Geyer's plea on July 7, 1993. Meanwhile, the trooper contacted the Pennsylvania Department of Transportation (DOT) for certification of Geyer's license suspension. On July 2, 1993, DOT issued a certification that Geyer's license had been suspended for thirty days effective June 15, 1993.

1. 75 Pa.C.S. § 3362.
2. 75 Pa.C.S. § 1543(a).

On July 13, 1993, the trooper issued a second citation to Geyer charging him with driving on June 25, 1993, while his operating privileges were suspended. Geyer pleaded not guilty to the second charge. After trial, the same district justice found him guilty as charged.

Geyer appealed, claiming that Section 110, the compulsory joinder rule and the prohibition against double jeopardy barred his prosecution for the second summary offense. Following a trial *de novo,* the trial court convicted Geyer, finding his arguments to be without merit. The Superior Court affirmed the trial court, holding that Section 110 and the compulsory joinder rule do not apply to summary offenses. Although we disagree that Section 110 and the compulsory joinder rule do not apply to summary offenses, we affirm on other grounds.

## Discussion

In *Campana I,* this Court designed a rule of compulsory joinder requiring a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode. *See Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983). In the interim between *Campana I* and *Campana II,* the legislature enacted Section 110, precluding the subsequent prosecution of charges not joined as prescribed. *See Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983).[3]

Section 110 provides in part:

3. This Court has explained the relationship between Section 110 and the *Campana* compulsory joinder rule as follows:

> While this Court in its *Campana* decisions spoke in terms of the obligation to join offenses, and the legislature in section 110 provided a bar of prosecution where joinder had not occurred, it is evident that our Court rule was in harmony with section 110.... Any treatment of an alleged *Campana* rule violation as a separate and distinct claim from an asserted section 110 violation is misleading.... Any attempt to persuade this Court to modify or restrict its view expressed in its *Campana* rule would be unavailing since those provisions are also required by statutory mandate.

*Hude,* 500 Pa. at 487–88, 458 A.2d at 179–80.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

Therefore, under Section 110(1)(ii), a prosecution for a second offense is barred when: (1) the first prosecution resulted in a conviction or an acquittal; (2) the second offense is based on conduct arising from the same criminal episode; (3) the second offense was known to the prosecuting officer at the time of the first trial; and (4) the subsequent prosecution was within the jurisdiction of a single court.[4] Despite the facial

4. We clarify here that, contrary to the Commonwealth's contention, Section 110(1)(iii)(A) does not operate as an exception to the application of Section 110(1)(i) or (ii) to a given set of facts. Each subsection, 110(1)(i), 110(1)(ii) and 110(1)(iii), provides an alternative basis for the bar of a subsequent prosecution, as indicated by the disjunctive "or" in

clarity of Section 110, the Superior Court held that Section 110 does not, as a rule, apply to summary offenses. In reaching its conclusion, however, the Superior Court misapplied our analysis in *Beatty* and *Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340 (1983).

In *Beatty* we held that a guilty plea to the summary offense of leaving the scene of an accident without providing proper identification did not bar a subsequent prosecution for aggravated assault. We stated in *Beatty*:

Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be achieved by the legislative enactment as well as promulgation of the compulsory joinder rule. The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed.

*Id.* at 290–291, 455 A.2d at 1198 (citations omitted).

Although a cursory reading of *Beatty* may appear categorically to exclude traffic violations from Section 110 and the compulsory joinder rule, the premise underlying our analysis in *Beatty* was that the two offenses were not within the jurisdiction of a single court. Therefore Section 110 and the compulsory joinder rule, although applicable, did not preclude the subsequent prosecution.

In *Breitegan*, we cited *Beatty* for the proposition that "the compulsory joinder rule and Section 110 do not apply to prior summary convictions for traffic violations under the Motor

the text of the statute. Interpreting Section 110(1)(iii)(A) as eliminating the bar to a subsequent prosecution whenever each offense requires proof of an additional fact not required by the other would render meaningless subsections (i) and (ii).

Vehicle Code." *Id.* at 386, 456 A.2d at 1341. This statement, however, examined within the context of the case, signifies that Section 110 does not bar the prosecution of a *misdemeanor* after a defendant enters a guilty plea to summary traffic citations arising from the same criminal episode.

We again cited *Beatty* in support of our interpretation of Section 110 "as excluding traffic violations under the Motor Vehicle Code" in *Commonwealth v. Taylor,* 513 Pa. 547, 553, 522 A.2d 37, 39 (1987). The controlling consideration in *Taylor,* as in *Beatty* and *Breitegan,* was that the defendant was convicted of a summary offense before a district justice prior to his prosecution on a misdemeanor and/or felony charge in the court of common pleas. We concluded in *Taylor* that "since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the [misdemeanor] weapons offense." *Id.* at 553, 522 A.2d at 40.

Thus, the cases upon which the Superior Court relied to support the proposition that Section 110 does not apply to summary offenses did not, in fact, involve two summary offenses. Instead, each case involved the attempted prosecution of a misdemeanor and/or felony after the conviction of a summary offense arising from the same criminal episode. Because this case involves the prosecution of two summary offenses that are both within the jurisdiction of the same district justice, 42 Pa.C.S. § 1515, the reasoning underlying *Beatty* and *Breitegan* is not applicable here.[5]

Moreover, we cannot say that application of Section 110 to summary offenses fails to serve the purposes for which it was designed. Section 110 was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment by being forced to

5. The Superior Court in *Commonwealth v. Hoburn,* 335 Pa.Super. 536, 485 A.2d 24 (1984), interpreted our decision in *Breitegan* as holding that Section 110 does not apply when the defendant is charged with two summary offenses. The Superior Court reached the same conclusion in *Commonwealth v. Fischl,* 363 Pa.Super. 173, 525 A.2d 775 (1987). For the reasons set forth herein, these cases are overruled.

undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. *Hude*, 500 Pa. at 489, 458 A.2d at 180. Admittedly, the prosecution of summary offenses rarely culminates in a costly trial. However, no defendant should be subjected to unnecessary successive prosecutions of any kind. Further, the interests of judicial economy are served by relieving the court system of repetitious litigation of any nature.

■ Notwithstanding the applicability of Section 110 to this case, all of the requirements of the statute were not met. Geyer pleaded guilty to the first offense, the speeding violation; therefore, the former prosecution resulted in a conviction. *See, e.g., Beatty.* Second, the citation for driving with a suspended license clearly arose from the same criminal episode in which the officer stopped Geyer for speeding. *Hude.* Third, both summary offenses were heard by the same district justice; therefore, both prosecutions were within the jurisdiction of a single court. As found by the Superior Court, however, the record does not establish that the second offense was known to the prosecuting officer at the time of the first trial.

■ When Geyer pleaded guilty to the speeding violation on July 2, 1993, DOT had not yet issued confirmation of Geyer's license suspension. Although Geyer told the officer that his license was suspended at the time of the stop, Section 1543(d) of the Motor Vehicle Code, 75 Pa.C.S. § 1543(d)(driving while operating privilege is suspended or revoked), provides:

> (d) Citation of appropriate subsection. Prior to filing a citation for violation of this section with the issuing authority named in the citation, the officer shall verify the basis for the suspension with [DOT]. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

75 Pa.C.S. § 1543(d).[6]  This section has properly been interpreted as requiring the officer to verify the status of the driver's license with DOT before issuing a citation for driving while operating privileges are suspended. *Commonwealth v. Heckman*, 404 Pa.Super. 335, 590 A.2d 1261 (1991).  Thus, because the officer had not received DOT verification of Geyer's license suspension, the second offense was not "known" to him when he cited Geyer for the speeding violation.  Therefore, Section 110 does not bar the subsequent prosecution for driving with a suspended license.[7]

We, therefore, affirm the Order of the Superior Court, affirming the judgment of sentence for driving with a suspended license.

Former Chief Justice NIX did not participate in the consideration or decision of this case.

---

**6.**  When an individual drives while his operating privileges have been suspended, revoked, or cancelled, he is in violation of Section 1543(a), which carries a fine of $200.  However, when the offender's license is under suspension or revocation because of certain enumerated offenses, such as driving while under the influence of alcohol, he is then in violation of subsection (b), which carries a fine of $1,000 and a prison term of not less than ninety days.  75 Pa.C.S. §§ 1543(a),(b).

**7.**  Further, we disagree with Geyer's contention that the trooper should have delayed issuing the speeding citation until receipt of DOT's verification of his license suspension.  The trooper in this case complied with applicable law in immediately issuing the speeding citation and waiting to issue the second citation until after receipt of verification of Geyer's license suspension.  A police officer has thirty days from the date of the offense (or discovery of the offense) in which to issue a citation for speeding or for driving with a suspended license.  42 Pa.C.S. § 5553.  Pa.R.Crim.P. 60, directs an officer to issue a citation, where feasible, directly to the defendant at the time of the offense.