J. S71006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
                  v.   :
  :
DONALD RAY GONDER,   :   No. 104 MDA 2014
  :
              Appellant   :


Appeal from the Order Entered January 13, 2014,
in the Court of Common Pleas of Cumberland County
Criminal Division at No. CP-21-CR-0001621-2013


BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 21, 2015**

Donald Ray Gonder appeals from the order of January 13, 2014, denying appellant's consolidated motion to dismiss.[1]  After careful review, we reverse.

According to the affidavit of probable cause, on July 3, 2012, at 10:28 p.m., Officer Robert Powers was called to investigate a reported

---

\* Former Justice specially assigned to the Superior Court.

[1] This is an interlocutory appeal as of right from the trial court's denial of appellant's motion to dismiss on double jeopardy grounds and 18 Pa.C.S.A. § 110, the compulsory joinder rule.  **See Commonwealth v. Shull**, 811 A.2d 1, 3 n.3 (Pa.Super. 2002), **appeal denied**, 818 A.2d 504 (Pa. 2003) ("The denial of a pretrial motion to dismiss an indictment on double jeopardy grounds is subject to appellate review unless it appears that the claim is frivolous.  A motion to dismiss on the basis of the compulsory joinder rule of 18 Pa.C.S.A. § 110 embodies the same constitutional protections underlying the double jeopardy clause justifying interlocutory appeal of such claims") (citations omitted).

assault and stolen vehicle at 7 West Lisburn Road in Upper Allen Township.

Officer Powers contacted the female victim, Briana Witmer, at that location

who related that at approximately 10:15 p.m. that night, she and appellant

had an argument and appellant slapped her in the face.   (Docket #3.)

Appellant then directed the victim to exit the vehicle, a white 1991 Dodge

Dakota, owned by the victim.  (*Id.*)  Appellant left the victim on the side of

the road and drove off.  (*Id.*)  A check of appellant's certified driver record

from PennDOT revealed that his operating license was suspended,

DUI-related.  (*Id.*)

The trial court sets forth the procedural history of this matter as

follows:

> On July 5, 2012, a criminal complaint was filed against [appellant] for an incident that occurred on July 3, 2012, in Upper Allen Township, Cumberland County.  In that complaint, [appellant] was charged with violations of section 3928 of the Crimes Code, Unauthorized Use of Automobiles and Other Vehicles, a misdemeanor of the second degree, section 1543(b) of the Vehicle Code, Driving While Operating Privilege is Suspended or Revoked, a summary offense, and section 2709 of the Crimes Code, Harassment, a summary offense.  On July 23, 2012, at a preliminary hearing, the magisterial district judge dismissed all charges for lack of *prima facie* evidence.  A summary citation for Driving While Operating Privilege is Suspended or Revoked was subsequently filed on August 1, 2012 for the same July 3rd incident.  The Unauthorized Use of Automobiles and Harassment charges were not re-filed at that time.
>
> On November 5, 2012, a hearing was held before Magisterial District Judge Knepper on the

single count of the August 1st citation, and [appellant] was found guilty. Judge Knepper sentenced [appellant] to sixty days in Cumberland County Prison and a $500 fine. On December 4, 2012, [appellant] filed a Notice of Appeal from Summary Criminal Conviction. On April 2, 2013, at the summary appeal hearing, the Commonwealth moved to dismiss the citation of August 1st pursuant to Pa.R.Crim.P. 458, explicitly stating its intention to re-file the charge.[Footnote 18] When this Court asked the Commonwealth if there was an agreement as to who shall pay the costs, the Commonwealth responded that there was not an agreement. Defense Counsel stated that there was not an agreement, explaining that "we are not going to pay the costs so that they can re-file and bring misdemeanors along with the summary, so I object on those grounds." We nonetheless granted the Commonwealth's oral motion for dismissal pursuant to Rule 458, imposing costs on the Commonwealth.

> [Footnote 18] Notes of Testimony, In Re: Dismiss (Rule 458), April 2, 2013 (Christylee L. Peck, J.), (hereinafter, "N.T. Summary Appeal") at 2. The Commonwealth incorrectly cited the rule as Rule 485. However, the remaining discussion, and lack of a Rule 485 in our Rules of Criminal Procedure, made clear that Rule 458 was intended, and the charge against [appellant] was thus dismissed pursuant to Rule 458.

On April 10, 2013, as outlined above, the Commonwealth re-filed all charges contained in the original complaint of July 5th, 2012, and [appellant] is now challenging our denial of his motion to dismiss those charges.

Trial court opinion, 4/17/14 at 2-4 (additional footnotes and citations to the record omitted).

Appellant has raised the following issues for this court's review:

I. Whether the trial court erred in finding the compulsory joinder rule did not bar the current prosecution when appellant was already convicted of a summary offense based on the same criminal conduct, the prosecution was aware of all charges before the first trial, and all charges occurred within the same judicial district?

II. Whether the trial court erred in finding that the Commonwealth was not collaterally estopped from pursuing additional criminal charges against [appellant] when the issues in this criminal proceeding are identical to those decided in the former trial, the Commonwealth was a party to the former proceeding, and the Commonwealth had a full and fair opportunity to actually litigate the issue of whether [appellant] was driving or operating a vehicle on July 3, 2012?

III. Did the trial court abuse its discretion when it denied appellant's motion to dismiss the instant prosecution pursuant to Pennsylvania Rule of Criminal Procedure 600 because the Commonwealth failed to exercise due diligence in bringing all charges against [appellant] at the earliest possible time when all of the witnesses and evidence necessary to prosecute [appellant] was [sic] known and available to the Commonwealth at the time of the initial prosecution?

Appellant's brief at 5 (capitalization omitted).

Section 110 requires that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials. 18 Pa.C.S. § 110; ***Commonwealth v. Hude***, 500 Pa. 482, 490, 458 A.2d 177, 181 (1983). This compulsory joinder rule serves two distinct policy considerations. First, it protects a defendant from the governmental harassment of being subjected to successive trials

for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation. *See Hude*, 500 Pa. at 489, 458 A.2d at 180. In *Commonwealth v. Geyer*, 546 Pa. 586, 592-93, 687 A.2d 815, 818 (1996), this Court clarified that Section 110 applies to prosecutions for summary offenses, such as the speeding and DUS [(driving under suspension)] offenses for which Appellants were charged. We explained that regardless of the fact that proceedings concerning summary offenses are generally resolved quickly, "no defendant should be subjected to unnecessary successive prosecutions of any kind. Further, the interests of judicial economy are served by relieving the court system of repetitious litigation of any nature." *Id.*, 687 A.2d at 818.

*Commonwealth v. Failor*, 770 A.2d 310, 313 (Pa. 2001).

Under Section 110(1)(ii), the specific provision applicable to Appellants' cases, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single [judicial district]. *Commonwealth v. Hockenbury*, 549 Pa. 527, 533, 701 A.2d 1334, 1336 (1997); *Geyer*, 546 Pa. at 590, 687 A.2d at 817; *Commonwealth v. Bracalielly*, 540 Pa. 460, 468, 658 A.2d 755, 760 (1995).

*Id.*[2]

---

[2] Section 110(1)(ii) was amended in 2002 to substitute "occurred within the same judicial district as the former prosecution" for "was within the jurisdiction of a single court."

In the instant case, all four prongs of Section 110(1)(ii) were satisfied at the time appellant was convicted of DUS. As to the first prong, appellant was found guilty of DUS following a hearing before MDJ Knepper on November 5, 2012, and sentenced to 60 days' imprisonment and a $500 fine. The second prong was met because all charges arose during the same criminal episode; namely, the July 3, 2012 incident wherein appellant allegedly slapped the victim and took her truck without permission while driving under a suspended license. Regarding the third prong, the Commonwealth obviously knew about appellant's other charges for harassment and unauthorized use because those charges had been brought in the original complaint and dismissed on July 23, 2012, following a preliminary hearing. The Commonwealth could have re-filed them and chose not to. Finally, the fourth prong of Section 110(1)(ii) is satisfied as all charges are within the jurisdiction of a single judicial district. Since all four prongs of Section 110(1)(ii) were clearly met when appellant was prosecuted for harassment and unauthorized use of an automobile, the Commonwealth should have been precluded from bringing those charges. *Failor*, *supra*; *Geyer*, *supra*.

The trial court and the Commonwealth rely on *Commonwealth v. Breitegan*, 456 A.2d 1340 (Pa. 1983), and *Commonwealth v. Beatty*, 455 A.2d 1194 (Pa. 1983), for the proposition that Section 110 does not apply to summary offenses. However, as the court explained in *Geyer*, the

holdings in those cases were based on the prior version of Section 110(1)(ii), which bars prosecution for a second offense where the subsequent prosecution "was within the jurisdiction of a single court." **Beatty** and **Breitegan** did not hold that Section 110, as a rule, does not apply to summary offenses.

> Although a cursory reading of **Beatty** may appear categorically to exclude traffic violations from Section 110 and the compulsory joinder rule, the premise underlying our analysis in **Beatty** was that the two offenses were not within the jurisdiction of a single court. Therefore Section 110 and the compulsory joinder rule, although applicable, did not preclude the subsequent prosecution.
>
> In **Breitegan**, we cited **Beatty** for the proposition that "the compulsory joinder rule and Section 110 do not apply to prior summary convictions for traffic violations under the Motor Vehicle Code." **Id.** at 386, 456 A.2d at 1341. This statement, however, examined within the context of the case, signifies that Section 110 does not bar the prosecution of a *misdemeanor* after a defendant enters a guilty plea to summary traffic citations arising from the same criminal episode.
>
> We again cited **Beatty** in support of our interpretation of Section 110 "as excluding traffic violations under the Motor Vehicle Code" in **Commonwealth v. Taylor**, 513 Pa. 547, 553, 522 A.2d 37, 39 (1987). The controlling consideration in **Taylor**, as in **Beatty** and **Breitegan**, was that the defendant was convicted of a summary offense before a district justice prior to his prosecution on a misdemeanor and/or felony charge in the court of common pleas. We concluded in **Taylor** that "since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the

> [misdemeanor] weapons offense." **Id.** at 553, 522
> A.2d at 40.

**Geyer**, 687 A.2d at 817.  Our supreme court in **Geyer** distinguished the **Beatty**/**Breitegan** line of cases on the basis that **Geyer** involved the prosecution of two summary offenses, speeding and DUS, which are both within the jurisdiction of the same district justice; **i.e.**, "a single court." **Id.** at 817-818.  However, the distinction between summary offenses and misdemeanors/felonies is no longer valid since the legislature amended the language in Section 110(1)(ii) to read,

> any offense based on the same conduct or arising
> from the same criminal episode, if such offense was
> known to the appropriate prosecuting officer at the
> time of the commencement of the first trial **and
> occurred within the same judicial district** as the
> former prosecution unless the court ordered a
> separate trial of the charge of such offense

18 Pa.C.S.A. § 110(1)(ii) (emphasis added).

As the trial court acknowledges, this broader language effectively abrogates any ruling that relied on the much narrower "jurisdiction of a single court" language present in the prior version of Section 110(1)(ii). (Trial court opinion, 4/17/14 at 11.)[3]  Nevertheless, both the trial court and the Commonwealth contend that because appellant filed an appeal, it somehow nullified his conviction of DUS.  Section 110(1) requires that the former prosecution "resulted in an acquittal or in a conviction as defined in

---

[3] The trial court's opinion is unpaginated; page numbers are by our own count.

section 109 of this title." Section 109(3) provides, in relevant part, "There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court."

As stated above, appellant was convicted of DUS before MDJ Knepper and sentenced to serve 60 days in jail and a $500 fine. Although appellant took an appeal, his conviction was not reversed or vacated, nor has it been set aside. It is true that an appeal from a summary conviction is "**de novo**," **i.e.**, the trial court considers the case anew and is not bound by prior findings of the MDJ. **See Commonwealth v. Beam**, 923 A.2d 414, 417 (Pa.Super. 2007), **appeal denied**, 952 A.2d 673 (Pa. 2008) ("'De novo' review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case."), quoting **Rebert v. Rebert**, 757 A.2d 981, 984 (Pa.Super. 2000) (citation omitted). However, there is no authority cited for the proposition that taking an appeal from a summary conviction, which results in the case being heard **de novo** in the Court of Common Pleas, wipes out the prior conviction for Section 110 purposes.

The Commonwealth also argues that a **nolle pros** acts as neither an acquittal nor a conviction and it could re-file the charges. "A **nolle prosequi** is a voluntary withdrawal by the prosecuting attorney of

proceedings on a particular bill or information, which can at anytime be retracted to permit a revival of proceedings on the original bill or information." ***Commonwealth v. Whiting***, 500 A.2d 806, 807 (Pa. 1985) (citation omitted); ***Commonwealth v. Ahearn***, 670 A.2d 133, 135 (Pa. 1996). ***See also*** Pa.R.Crim.P. 585(A) ("Upon motion of the attorney for the Commonwealth, the court may, in open court, order a ***nolle prosequi*** of one or more charges notwithstanding the objection of any person."); 42 Pa.C.S.A. § 8932.

Here, we note that the Commonwealth moved to dismiss the case under Pa.R.Crim.P. 458, "Dismissal In Summary Cases Upon Satisfaction or Agreement." This rule permits an issuing authority, ***i.e.***, a magisterial district judge, to dismiss a summary case when the provisions of paragraph (A) are satisfied, including that there is an agreement as to whom shall pay costs, and satisfaction has been made to the aggrieved person. Rule 458, Comment. Clearly, Rule 458 was inapplicable where the matter was on appeal to the Court of Common Pleas. In addition, Rule 458 contemplates a complete dismissal, not a ***nolle pros*** with the option to re-file later. If the Commonwealth desired to ***nolle pros*** the case, it should have proceeded under Rule 585(A). Then the trial court could have considered whether the Commonwealth's reason for the request was reasonable, and whether appellant had a valid speedy trial claim. ***Commonwealth v. Goldman***, 70 A.3d 874, 878 (Pa.Super. 2013), ***appeal***

*denied*, 85 A.3d 482 (Pa. 2014), citing **Commonwealth v. Reinhart**, 353 A.2d 848, 853 (Pa. 1976).  Instead, the Commonwealth moved to dismiss the case.

Furthermore, even if we were to consider the Commonwealth's motion as a request for **nolle pros**, the Commonwealth could not re-file the DUS charge without running afoul of Pa.R.Crim.P. 600.  The Commonwealth has 365 days from the filing of the written complaint to commence trial. Rule 600(A)(2)(a).  Where the Commonwealth has withdrawn the original complaint, and then filed a second complaint, it is entitled to calculate the Rule 600 run date from the time of the second filing only where the withdrawal and re-filing are necessitated by factors beyond its control.  As this court explained in **Goldman**, **supra**, discussing our supreme court's decision in **Commonwealth v. Meadius**, 870 A.2d 802 (Pa. 2005):

> In **Meadius**, our Supreme Court addressed the manner in which to calculate the Rule 600 run date if the Commonwealth files two complaints against a defendant.  In that case, the prosecution withdrew a criminal complaint after several continuances, then filed a new complaint charging the defendant with the same offenses.  **Meadius**, 870 A.2d at 803.  The defendant argued that reinstating the charges violated Rule 600 because the Commonwealth failed to commence trial within one year of the filing of the *original* complaint.  **Id.**  The Commonwealth argued that the one-year period commenced when the *second* complaint was filed, in which case Rule 600 was not violated.  **Id.** at 804.  Ultimately, the Court held that the Rule 600 run date is calculated from the second filing only in circumstances where the withdrawal and re-filing are necessitated by factors beyond the Commonwealth's control, the

- 11 -

> Commonwealth has exercised due diligence, and the re-filing is not an attempt to circumvent the limitations of Rule 600. *Id.* at 808.

*Goldman*, 70 A.3d at 880 (emphasis in original).

Instantly, even if we treat the Commonwealth's improper motion to dismiss as a request for *nolle pros*, it appears that the only reason the Commonwealth wanted to *nolle pros* the DUS charge was so it could re-file along with the harassment and misdemeanor unauthorized use charges. In fact, as discussed above, it could not file a second complaint bringing the additional charges of harassment and unauthorized use without violating the compulsory joinder rule, where they all originated from the same incident. In addition, the record indicates that the Commonwealth wanted to bring the additional charges in retaliation for appellant's appeal of the DUS conviction. (*See* notes of testimony, 11/27/13 at 26-27 ("the record indicates that the reason that we were re-filing the charges is because we were within the time. And if he wasn't going to accept responsibility and plead and all that, we are well within our legal right to do that, and that's what the record reflects").) Certainly, this is not a situation where the withdrawal and re-filing was necessitated by factors beyond the Commonwealth's control. Therefore, we look to the date of the original filing for Rule 600 purposes. *Meadius*, *supra*. The original complaint was filed August 1, 2012, 443 days before appellant filed his pre-trial motion to dismiss on October 17, 2013. There was no excludable time during that time period. As such, the second

complaint filed April 12, 2013, is out of time. Therefore, appellant is entitled to dismissal of the summary DUS charge, as well as the harassment and unauthorized use charges.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2015