J-S81015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| DENNIS SCHMANEK | | |
| Appellant | | No. 1296 EDA 2015 |

Appeal from the Order Entered April 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0009526-2014
CP-51-CR-0009531-2014

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 27, 2017**

Dennis Schmanek appeals from the order denying his motion to dismiss. We affirm.

On July 7, 2014, a police officer initiated a traffic stop after observing Appellant driving the wrong way on a one-way street. The officer detected signs of intoxication, and, after communicating with the owner of the vehicle, determined that Appellant was driving the car without permission. Appellant was arrested and charged with driving under the influence ("DUI"), theft by unlawful taking, receiving stolen property, and unauthorized use of a motor vehicle. Appellant also received a traffic citation for driving the wrong way on a one-way street.

* Former Justice specially assigned to the Superior Court.

On September 8, 2014, the Philadelphia municipal court traffic division disposed of Appellant's summary traffic citation, finding him not guilty. Thereafter, Appellant filed a motion to dismiss the other criminal charges pursuant to 18 Pa.C.S. § 110, the "compulsory joinder" statute, arguing that his acquittal in traffic court for his summary offense barred further prosecution. Following a hearing, the court denied that motion, and Appellant filed a timely appeal. He complied with the trial court's order to file a Rule 1925(b) statement of errors complained of on appeal, and the court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant presents one issue for our consideration: "Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been acquitted of an offense which arose from the same criminal episode as the offense in the instant case?" Appellant's brief at 3.

As a preliminary matter, we note that we have jurisdiction over this interlocutory appeal as it arises from the trial court's denial of a motion to dismiss based on compulsory joinder. *Commonwealth v. Barber*, 940 A.2d 369, 376 (Pa.Super. 2007). The compulsory joinder statute implicates a question of law, thus our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa.Super. 2015).

The compulsory joinder statute provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1)  The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . .

(ii)  any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).  This rule serves two policies:  "to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation."  *Commonwealth v. George*, 38 A.3d 893, 896 (Pa.Super. 2012) (citation omitted).  In addition, "[b]y requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only 'once run the gauntlet' and confront the awesome resources of the state."  *Id*. (citation omitted).

Our High Court established the test for determining when a former prosecution bars a subsequent prosecution under § 110 in *Commonwealth v. Fithian*, 961 A.2d 66 (Pa. 2008).   There are four elements:

- 3 -

(1)    the former prosecution must have resulted in an acquittal or conviction;

(2)    the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3)    the prosecutor was aware of the instant charges before the commencement of trial on the former charges; and

(4)    the current offense occurred within the same judicial district as the former prosecution.

***Fithian***, ***supra*** at 72.

Instantly, the parties do not dispute that the first three prongs of this rule have been met.  Thus, we will limit our analysis to the fourth element of the compulsory joinder statute.  Appellant contends that the Commonwealth was required to join all the charges arising from his traffic stop, and thus, the trial court erred in failing to grant his motion for dismissal.  He asserts that municipal court traffic division and the Philadelphia court of common pleas are located in the First Judicial District.  Hence, he concludes that, under the plain language of the statute, the fourth prong is necessarily met since his current offenses occurred in the same judicial district where he was acquitted for the summary traffic offense.

The Commonwealth implicitly concedes that Appellant's acquittal and the current prosecution occurred in the same judicial district.  Nevertheless, relying on ***Commonwealth v. Beatty***, 455 A.2d 1194 (Pa. 1983), it contends that the compulsory joinder statute does not bar prosecution of

felony or misdemeanor offenses based upon the adjudication of a summary offense. It argues that this Court applied **Beatty**'s holding in numerous cases, including **Barber**, **supra**. In essence, the Commonwealth maintains that the prosecution of a summary offense in a separate proceeding does not implicate the policies underlying the statute, and therefore, it is inapplicable.

The Commonwealth's reliance on **Beatty**, **supra**, and **Barber**, **supra**, is misplaced since those cases interpreted a prior version of § 110. In **Commonwealth v. Geyer**, 687 A.2d 815 (Pa. 1996), our Supreme Court explained that the holding in **Beatty** was based on a version of § 110(1)(ii) which prohibited prosecution for a second offense where the subsequent prosecution "was within the jurisdiction of a single court." **Geyer**, **supra** at 817. Under that version of § 110(1)(ii), summary offenses arising from a traffic citation would not be within the same jurisdiction as misdemeanors or felonies in districts that have traffic courts exercising exclusive jurisdiction over vehicular crimes. Thus, under the prior version of § 110, a subsequent prosecution for a more serious offense arising from the same criminal episode was not barred by the statute.

As the Supreme Court explained in **Fithian**, **supra**, the General Assembly amended the compulsory joinder statute in 2002. **Fithian**, **supra** at 68. That amendment removed the phrase "within the jurisdiction of a single court," and replaced it with "within the same judicial district as the former prosecution." **Id**. at 72. The High Court noted that, although the

- 5 -

term "judicial district" was not defined in the Crimes Code, the Judicial Code defines it as "[a] district established by [42 Pa. C.S. § 901] (relating to judicial districts) for the election of one or more judges of a court of common pleas." *Id*. at 74. The Court then observed that § 901 states, "[t]he Commonwealth is divided into 60 judicial districts," and that those districts "correspond directly with the geographic boundaries of the Commonwealth's counties." *Id*.

The Supreme Court reviewed the plain language of the compulsory joinder statute, and found that "the General Assembly intended that, for purposes of the compulsory joinder statute, the phrase 'judicial district' means the geographical area established by the General Assembly in which a court of common pleas is located." *Id*. at 75. Further, it noted that the 2002 amendment was intended to overcome its decision in *Commonwealth v. McPhail*, 692 A.2d 139 (Pa. 1997) (plurality), wherein the Court interpreted the prior language contained within the provision so that the "jurisdiction" prong of the statute would be met in every case. In light of this knowledge, the Court reasoned that "the General Assembly intended to incorporate, or perhaps re-incorporate, a geographical component in determining which offenses are precluded because of a former prosecution." *Fithian*, *supra* at 76-77. Thus, "the legislature intended that the compulsory joinder statute be limited to mandating joinder only of those offenses occurring in a single judicial district." *Id*. at 77. Since the

Commonwealth's case law all relies on the former, narrower language contained in § 110, it is inapposite to the matter *sub judice*.

Based on the facts outlined above, the compulsory joinder statute, as it is currently formulated, would, generally, bar the Commonwealth from prosecuting Appellant further since it failed to join his more serious criminal offenses and his summary traffic violation. Nevertheless, in **Commonwealth v. Perfetto**, 2479 EDA 2015 (Pa.Super., filed August 30, 2017) (*en banc*), this Court held that a jurisdictional exception to § 110 was applicable to judicial districts with a traffic court, such as Philadelphia.

In **Perfetto**, Perfetto was arrested in Philadelphia and charged with three counts of DUI and a summary offense of driving without headlights when required. He was subsequently found guilty, *in absentia*, of the minor traffic offense in the Philadelphia municipal court traffic division. Following a preliminary hearing on the DUI charges, Perfetto was held over for trial. He then filed a motion to dismiss, asserting the compulsory joinder statute. The trial court granted that motion, and the Commonwealth appealed.

On appeal, we approved *en banc* certification *sua sponte* in order to address the effect of the amendment to the compulsory joinder statute, as explained above. We reiterated that the plain language of the amended compulsory joinder statute required joinder of "all charges occurring within the same judicial district, arising from the same criminal conduct or criminal episode, and known to a prosecutor[.]" **Perfetto**, **supra** at *10. Further,

we noted that prior case law removed jurisdictional considerations from §
110 analyses, nonethless, we determined that "the jurisdiction of a court
remains a consideration implicit to any compulsory joinder analysis[.]" *Id*.
at *12.

This Court in *Perfetto* emphasized that jurisdictional considerations
were significant "in those judicial districts that, for various reasons, have
distinct minor courts or magisterial district judges vested with exclusive
jurisdiction over specific matters," since "42 Pa.C.S. § 1302 expressly
defines the jurisdiction of a traffic court and effectively carves out an
exception to the normal operation of the compulsory joinder rule."[1] *Id*. at

_____

[1] The jurisdiction and venue of traffic courts in Pennsylvania is governed by
42 Pa.C.S. § 1302, which reads in pertinent part:

> (a)    General Rule.--Except as set forth in subsection (a.1) or as
> otherwise prescribed by any general rule adopted pursuant to
> section 503 (relating to reassignment of matters), each traffic
> court shall have jurisdiction of all prosecutions for summary
> offenses arising under:
>
>    (1)  Title 75 (relating to vehicles)
>
>    (2) Any ordinance of any political subdivision enacted
>        pursuant to Title 75.
>
> (a.1) Traffic Court of Philadelphia.--
>
>    (1) Except as otherwise prescribed by any general rule
>       adopted pursuant to section 503, each traffic court under

*(Footnote Continued Next Page)*

*12-13. We observed that § 1302 grants traffic courts with exclusive jurisdiction over summary traffic offenses, and, as such, "where a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offenses may be disposed of in a prior proceeding in the traffic court, which has exclusive jurisdiction to hear it, without violating the compulsory joinder rule." *Id*. at *14. Thus, we held that in Philadelphia, a summary vehicular offense "must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division . . . and a separate proceeding must be held for the remaining, higher offenses." *Id*. at *19. Thus, we reversed the trial court's order granting Perfetto's motion to dismiss, finding that the compulsory joinder statute did not bar prosecution of his DUI offenses.

*(Footnote Continued)* ——————————

> Subchapter B (relating to Traffic Court of Philadelphia) shall, at the direction of the President Judge of the Philadelphia Municipal Court, have jurisdiction of all prosecutions for summary offenses arising under:
>
> (i)   Title 75.
>
> . . . .
>
> (b)   Concurrent and exclusive jurisdiction.--The jurisdiction of a traffic court under this section shall be exclusive of the courts of common pleas and magisterial district judge, except that such jurisdiction shall be concurrent with the magisterial district judges whenever the traffic court is closed.

42 Pa.C.S. § 1302 (a), (a.1), (b) (internal footnote omitted).

In light of our holding in **Perfetto**, **supra**, we find that the compulsory joinder statute did not bar the Commonwealth from prosecuting Appellant for his aforementioned criminal offenses after the municipal court traffic division found him not guilty of a summary traffic offense. Hence, the trial court did not err in denying his motion to dismiss.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Geoffrey Moulton concurs in result.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/27/2017*