J-S67022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALLEN MESSNER | : | |
| | : | |
| Appellant | : | No. 1238 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004631-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 09, 2020**

Appellant, Richard Allen Messner, appeals from the Judgment of Sentence of seventy-two hours to six months of incarceration imposed on June 25, 2019, following his conviction for Driving Under the Influence of Alcohol (DUI) and one count of Careless Driving.[1]  We affirm.

In August 2017, Pennsylvania State Police observed signs that Appellant was intoxicated while driving in Berks County.  *See* Trial Ct. Op., 8/20/19, at 2.  The police arrested Appellant and charged him with the above listed crimes.

Prior to his trial, Appellant filed a Motion to Dismiss the charges against him.  According to Appellant, prior to his arrest in Berks County, Appellant had caused a motor vehicle accident in Chester County.  Appellant's Motion to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1),(c), 3714(a), respectively.

Dismiss, 10/30/18, at 1-2. This conduct resulted in criminal charges against him. *See id.* In July 2018, according to Appellant, he pleaded guilty in Chester County to one count of Recklessly Endangering Another Person (REAP).[2] *Id.* at 2.

According to Appellant, the incidents in Chester and Berks Counties were related. *Id.* Therefore, according to Appellant, the former prosecution of related conduct in Chester County barred the subsequent prosecution of the Berks County charges. *Id.* at 3 (citing 18 Pa.C.S. § 110(1)(iii)(A)).

The trial court denied Appellant's Motion to Dismiss. Trial Court Order, 1/28/19. In June 2019, following a bench trial, the court found Appellant guilty as charged and sentenced him accordingly. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement; the trial court issued a responsive Opinion.

In his sole issue on appeal, Appellant contends the trial court erred in denying his Motion to Dismiss, which he premised upon the compulsory joinder statute. *See* Appellant's Br. at 7. No relief is due.

The issue before this Court is one of law. Thus, "[o]ur scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Jefferson***, --- A.3d ---, 2019 PA Super 302, at *3 (filed Oct. 9, 2019) (quoting ***Commonwealth v Perfetto***, 207 A.3d 812, 821 (Pa. 2019).

---

[2] 18 Pa.C.S. § 2705.

The purpose of the compulsory joinder statute is twofold: "(1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation." ***Commonwealth v. Fithian***, 961 A.2d 66, 75-76 (Pa. 2008) (internal quotation marks omitted; citations omitted).

That statute provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

In **Commonwealth v. Geyer**, 687 A.2d 815 (Pa. 1996), our Supreme Court clarified that "[e]ach subsection, 110(1)(i), 110(1)(ii) and 100(1)(iii), provides an alternative basis for the bar of a subsequent prosecution, as indicated by the disjunctive 'or' in the text of the statute." **Id.** at 817 n.4. Thus, the compulsory joinder statute provides several, separate grounds for relief. **Id.**

It is well settled that an appellant may not raise "a new and different theory of relief for the first time on appeal." **Commonwealth v. Wanner**, 158 A.3d 714, 717 (Pa. Super. 2017) (quoting **Commonwealth v. York**, 465 A.2d 1028, 1032 (Pa. 1983); Pa.R.A.P. 302(a). "[I]ssues, even those of constitutional dimension, are waived if not raised in the trial court." **Commonwealth v. Cline**, 177 A.3d 922, 927 (Pa. Super. 2017) (quoting **Commonwealth v. Santiago**, 980 A.2d 659, 666 (Pa. Super. 2009).

In his Motion to Dismiss, Appellant sought relief pursuant to Section 110(1)(iii)(A). Appellant's Motion to Dismiss at 3. In his appeal, however, Appellant seeks relief on separate grounds, citing instead Section 110(1)(ii). Appellant's Br. at 13. Because Appellant did not preserve this claim in the first instance before the trial court, it is waived. **Wanner**; **Cline**, **supra**.[3]

---

[3] We observe further that Appellant has failed to ensure that the certified record is complete. There are neither transcripts of the proceedings below nor any documentary evidence substantiating Appellant's claims regarding his Chester County conviction included in the record certified to this Court. Thus,

J-S67022-19

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/09/2020

---

even if we were to reach the merits of Appellant's claim, our review would be severely hampered. This, too, is grounds for waiver or the dismissal of Appellant's appeal. *See* Pa.R.A.P. 1911(d). Nevertheless, absent all waiver, we note that Appellant's claim is devoid of merit. Essentially, Appellant suggests that his conduct in Chester and Berks Counties comprised a single, criminal event. *See* Appellant's Br. at 16. Thus, according to Appellant, his conviction in Chester County precluded any subsequent prosecution in Berks County. *See id.* We disagree. Apparently, Appellant fled the scene of the accident he caused in Chester County. *See* Trial Ct. Op. at 2 (suggesting there was no evidence that Appellant was intoxicated at the time). According to Appellant, based on this conduct, he determined to plead guilty to REAP. Motion to Dismiss at 2. Thereafter, police in Berks County observed signs that Appellant was operating his vehicle while intoxicated, resulting in DUI-related charges in that county. These are separate incidents, (1) occurring in different judicial districts, (2) involving distinct criminal conduct, and (3) requiring different proofs. *Compare* 18 Pa.C.S. § 2705, *with* 75 Pa.C.S. § 3802(c). Thus, Appellant is due no relief pursuant to any subsection of the compulsory joinder statute.

- 5 -