**COMMONWEALTH OF
PENNSYLVANIA,**
Appellee,

v.

**Jacob SHULL, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 2002.

Nov. 8, 2002.

Justin J. McShane, Harrisburg, for appellant.

Adam G. Klein, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before: DEL SOLE, P.J., and HUDOCK and BROSKY, JJ.

DEL SOLE, P.J.

¶ 1 Jacob Shull appeals from the trial court's denial of his motion to dismiss. Upon review, we affirm.

¶ 2 On July 4, 2000, Mr. Shull was involved in an incident with Kassandra Eden while each was driving separate vehicles along Union Deposit Road in Susquehanna Township. Eden, an African–American, alleged that Shull yelled racial epithets at her and attempted to run her vehicle off the road. Eden stopped at a stop sign in the City of Harrisburg and Shull then stopped behind her. Shull exited his vehicle and approached Eden and, while yelling racial slurs, began kicking the driver's door and punching the roof of Eden's vehicle.

¶ 3 The police departments of both Harrisburg and Susquehanna Township responded to the incident. The Harrisburg police filed a criminal complaint charging Appellant with criminal mischief and ethnic intimidation.[1] The Susquehanna police filed a separate criminal complaint charging Appellant with recklessly endangering another person, harassment, reckless driving and careless driving.[2]

¶ 4 A preliminary hearing involving the Harrisburg charges was held February 26, 2001, before District Justice Marsha Stewart and the charges were bound over for court and subsequently docketed under the current caption and number. A preliminary hearing involving the Susquehanna charges was held May 1, 2001, before District Justice Raymond Shugars. At that hearing, Appellant's counsel informed the District Justice of the prior proceeding before District Justice Stewart and that he believed a second preliminary hearing was violative of Rule 505 of Criminal Procedure. District Justice Shugars proceeded with the preliminary hearing and heard testimony from Ms. Eden. He thereafter found no *prima facie* case for the charge of recklessly endangering another person and dismissed it, but adjudicated the summary offenses, finding defendant guilty of

---

1. As charged, criminal mischief is a second degree misdemeanor and ethnic intimidation a first degree misdemeanor. 18 Pa.C.S.A. § 3304(a)(3) and (b); 18 Pa.C.S.A. § 2710(a) and (b).

2. Recklessly endangering another person is a second degree misdemeanor. The remaining charges are summary offenses. 18 Pa.C.S.A. § 2705; 18 Pa.C.S.A. § 2709(a) and (c)(1); 75 Pa.C.S.A. § 3736; and 75 Pa.C.S.A. § 3714.

harassment, reckless driving and careless driving.

■ ¶ 5 Appellant filed a motion to dismiss the Harrisburg charges due to the adjudication before District Justice Shugars. A hearing was held on this matter. The trial court denied the motion to dismiss. This appeal followed.[3]

¶ 6 On appeal, Appellant presents two issues for review:

1. Whether the hearing court erred in denying the Appellant's motion to dismiss based upon violation of Section 110 of the Crimes Code, which prohibits a subsequent prosecution by the Commonwealth for a different offense that occurred during the same course of events when the first prosecution resulted in a conviction, the second prosecution was based upon conduct arising from the same alleged course of conduct, both offenses and criminal complaints were known to the Commonwealth at the time of the first prosecution and the subsequent prosecution was within the jurisdiction of a single court?

2. Whether the hearing court erred in denying the Appellant's motion to bar prosecution based upon failure by the Commonwealth to comply with Rule of Criminal Procedure 505(B), which requires a single criminal complaint before one issuing authority when two separate criminal complaints covering the same alleged course of conduct with the same alleged victim and same alleged perpetrator were filed in two separate issuing authorities and were heard by both?

Appellant's Brief at 4.

¶ 7 Appellant first argues that because of District Justice Shugar's decision to hear and adjudicate the matters contained in the Susquehanna charges, 18 Pa.C.S.A. § 110 became operative and barred prosecution of the pending Harrisburg charges. The Harrisburg charges of criminal mischief and ethnic intimidation, both misdemeanors, were bound over for court following a preliminary hearing held before District Justice Marsha Stewart. Appellant maintains that the trial court erred in failing to grant his motion to dismiss these charges, as they are barred from being prosecuted by operation of 18 Pa.C.S.A. § 110. Appellant's Brief at 9.

¶ 8 Our analysis begins with a review of the language of 18 Pa.C.S.A. § 110. Section 110 states in relevant part:

3. Appellant incorrectly filed a petition for permission to appeal the interlocutory order pursuant to Pa.R.A.P. 1311. A petition for permission to appeal under Pa.R.A.P. 1311 is filed only when the trial court certifies the issue as a controlling question of law under 42 Pa.C.S.A. § 702(b). If the trial court refuses to certify the question, a petition for review of the denial may be filed under Chapter 15 of the Pennsylvania Rules of Appellate Procedure. Neither happened in this case.

Appellant had a right to appeal the trial court's denial of his motion to dismiss. The denial of a pretrial motion to dismiss an indictment on double jeopardy grounds is subject to appellate review unless it appears that the claim is frivolous. *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). A motion to dismiss on the basis of the compulsory joinder rule of 18 Pa.C.S.A. § 110 embodies the same constitutional protections underlying the double jeopardy clause justifying interlocutory appeal of such claims, consistent with the principles of *Brady* and *Bolden*. *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755, 759–60 (1995).

Appellant filed his Rule 1311 petition within 30 days of the trial court's order. Since the petition contained all the information required in a notice of appeal, we ordered it be treated as a notice of appeal. While there is dicta in *Thermo–Guard, Inc. v. Cochran*, 408 Pa.Super. 54, 596 A.2d 188 (1991), cautioning counsel and suggesting Rule 1311 petitions may not be converted to notices of appeal, we hold that where a Rule 1311 petition is incorrectly filed within 30 days of the order to be reviewed, Pa.R.A.P. 905(a) requires it be treated as a timely filed notice of appeal.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charges of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110.

¶ 9 Section 110 requires that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials. 18 Pa.C.S.A. § 110; *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177, 181 (1983). This compulsory joinder rule serves two distinct policy considerations. First, it protects a defendant from the governmental harass-

ment of being subjected to successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation. *Commonwealth v. Failor*, 564 Pa. 642, 770 A.2d 310, 313 (2001).

¶ 10 Under Section 110, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met:

(1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

*Failor*, 770 A.2d at 314.

¶ 11 Our Supreme Court has held that the compulsory joinder rule does not apply when the prior conviction is on summary offenses and the pending charges are for misdemeanors, as is the case here. In *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d, 1194, 1198 (1983), the Supreme Court held that a guilty plea to the summary offense of leaving the scene of an accident without providing proper identification did not bar a subsequent prosecution for aggravated assault. In explaining *Beatty*, the Supreme Court stated:

... the premise underlying our analysis in Beatty was that the two offenses were not within the jurisdiction of a single court.

*Commonwealth v. Geyer*, 546 Pa. 586, 687 A.2d 815, 817 (1996). In addressing its ruling in *Commonwealth v. Breitegan*, 500

Pa. 384, 456 A.2d 1340 (1983), the Supreme Court explained:

> that its ruling in that case provided that Section 110 does not bar the prosecution of a misdemeanor after a defendant enters a guilty plea to summary traffic citations arising from the same criminal episode.

*Id.* at 817.

¶ 12 The Supreme Court addressed this issue again in *Commonwealth v. Taylor*, 513 Pa. 547, 522 A.2d 37, 39 (1987). In addressing this case the Court noted:

> The controlling consideration in *Taylor*, as in *Beatty* and *Breitegan*, was that the defendant was convicted of a summary offense before a district justice prior to his prosecution on a misdemeanor and/or felony charge in the court of common pleas. We concluded in *Taylor* that "since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in a summary proceeding did not bar the subsequent trial of the [misdemeanor] weapons offense."

*Geyer*, 687 A.2d at 817.

¶ 13 Review of these cases makes apparent that a conviction on a summary offense does not bar the subsequent trial of a misdemeanor or felony charge. This is not to say that the compulsory joinder rule does not apply to summary offenses in any context. A conviction on a summary offense will bar subsequent prosecution of another summary offense charge because the charges are both within the jurisdiction of single court, in that case the district

justice. *See Commonwealth v. Geyer*, 546 Pa. 586, 687 A.2d 815, 818 (1996).

¶ 14 In the case *sub judice*, the compulsory joinder rule does not apply. On the Harrisburg charges, the charges for two misdemeanors were held over for trial. On the Susquehanna charges, the misdemeanor charge was dismissed due to the failure of the Commonwealth to make out a *prima facie* case, and Appellant was convicted of the summary offenses. The summary offenses were within the original jurisdiction of the district justice and were properly disposed of at that level. The pending misdemeanor charges are within the original jurisdiction of the court of common pleas.[4]

¶ 15 Because the present and prior charges are not within the jurisdiction of a single court, the fourth part of the test is not established and the compulsory joinder rule does not apply. The establishment of the fourth prong is necessary for application of compulsory joinder, as indicated by the conjunctive nature of the language of the test. Because the fourth prong is not met, the rule does not apply and we need not address the remaining three parts of the test. We find that 18 Pa.C.S.A. § 110 does not preclude prosecution of the misdemeanor charges related to the Harrisburg criminal complaint.

¶ 16 Appellant next argues that the Susquehanna complaint was violative of Pa.R.Crim.P. 505, and that this violation rendered the Susquehanna complaint fatally defective. Appellant's Brief at 13–14. Appellant maintains that all charges arising from the incident should have been contained within a single complaint before

---

4. The Court in *Beatty* noted that 42 Pa.C.S.A. § 931(b) appears to recognize concurrent jurisdiction in such cases of the Court of Common Pleas and the District Justices. However, the Court afforded more weight to the division of labor in our court system and

indicated that the role of the Court of Common Pleas in the disposition of summary charges is as a reviewing tribunal and not as a court of original jurisdiction. *Beatty*, 455 A.2d at 1198, n. 3.

one District Justice and the failure to do so barred Susquehanna Township, the second issuing authority, from proceeding with their charges. *Id.* Appellant further asserts that Susquehanna Township Police Department's decision to not consolidate complaints with the Harrisburg Bureau of Police complaint rendered the Susquehanna Township complaint fatally defective. *Id.* Appellant argues that, in this case, the remedy for violation should be dismissal of the Susquehanna charges. *Id.*

¶ 17 Rule 505 of the Pennsylvania Rules of Criminal Procedure, provides in relevant part:

> (B) When more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case.

Pa.R.Crim.P. 505(B). Also relevant, however, is the following section of the same Rule:

> (C) Upon application by any interested person and proof that any provision of paragraphs (A) or (B) was violated, a judge may order forfeiture of all additional costs of the issuing authority accrued by reason of such violation, and thereafter such costs shall not be taxed in the case.

Pa.R.Crim.P. 505(C).

¶ 18 Our Supreme Court has held that a court cannot remedy a violation of Rule 505(B)[5] with dismissal. *Commonwealth v. Tome,* 484 Pa. 261, 398 A.2d 1369, 1372 (1979). The only remedy is relief from the additional costs incurred from defending the second action separately. *Commonwealth v. Snyder,* 385 Pa.Super. 58, 560 A.2d 165, 173 (1989).

¶ 19 Appellant does not dispute this tenet of law. Rather, Appellant contends that the defects of the complaints here were more than mere meaningless flaws, accidental typos or a scheduling error, and instead were defects in that the Commonwealth knowingly and intentionally chose not to comply with the Criminal Rules of Procedure. Appellant's Brief at 14. Accordingly, Appellant maintains that the remedy should be dismissal. *Id.* Appellant presents no authority supporting his requested remedy. Although Pa.R.Crim.P. 505(B) was violated, the only remedy available is relief from costs of the second prosecution, and not dismissal of charges. Thus, we find no merit to this claim.

¶ 20 Order affirmed.

---

**5.** This Rule was previously numbered Pa. R.Crim.P. 105(b).