J-S20043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD SPARKS | |
| Appellant | No. 1959 WDA 2014 |

Appeal from the Order of November 19, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000048-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                              **FILED JUNE 5, 2015**

Donald Sparks appeals the trial court's November 19, 2014 order.  In that order, the trial court denied Sparks' pretrial motion to dismiss the charges against him based upon double jeopardy grounds.  We affirm.

The trial court has summarized the alleged factual history[1] of this case, as well as the relevant procedural events, as follows:

> [Sparks] has been charged with simple assault [(18 Pa.C.S. § 2701(a))] and harassment [(18 Pa.C.S. § 2709)], resulting from an incident which is alleged to have occurred on or about September 17, 2013, involving victim Lisa Gluvna.

---

[1]     Because this case comes to this Court on appeal from a pretrial order, the trial court's factual narrative represents a summary of the allegations against Sparks.  These facts have not yet been presented to, or found as credible, by a factfinder.  We provide the court's summary only for background purposes, and not as a representation of a definitive version of the facts of this case.

*     *     *

On September 17, 2013[,] at approximately 6:00 P.M., Trooper Tonya Wroble of the Pennsylvania State Police was dispatched to 100 Mark Drive, Apt. 17, in Georges Township, Fayette County, Pennsylvania, after reports that a large disturbance was occurring at the residence. During this disturbance, it is alleged that [Sparks] punched Lisa Gluvna in her face causing her nose to bleed. There were multiple summary citations issued as a result of this incident. Both [Sparks] and April Balog received summary citations for harassment, and [Sparks] was also cited with harassment for allegedly striking Lisa Gluvna, who is the mother of April Balog. A hearing was held by Magisterial District Judge Robert Breakiron on the charges filed against [Sparks] and April Balog, related to the incident between the two of them, and the charges filed against both of them were dismissed by Judge Breakiron. Although Lisa Gluvna appeared and was prepared to testify as a witness to the incident between [Sparks] and April Balog, she was not called to testify. In the case filed against [Sparks] involving Lisa Gluvna as a victim, Ms. Gluvna did not testify, and this summary case was dismissed by Judge Breakiron, without a hearing, as Judge Breakiron indicated to Trooper Wroble that the charge should be filed as simple assault rather than harassment. After dismissal of the charge against [Sparks] involving Lisa Gluvna as the victim, Trooper Wroble filed simple assault and harassment—subject other to physical contact [charges,] stemming from the same incident, with Lisa Gluvna as the named victim. [Sparks waived his right to a preliminary hearing on these charges. Subsequently, Sparks, through counsel, made an oral motion to dismiss the charges against him, alleging that the prosecution of those charges would violate his right not to be twice placed in jeopardy for the same crimes. The trial court] held a hearing on November 19, 2014, to hear testimony from April Balog, Lisa Gluvna, Magisterial [District] Judge Breakiron, and Trooper Tonya Wroble to ascertain what had occurred during the prior summary trials, and to hear argument on the issue of double jeopardy and the motion to dismiss.

*     *     *

[The following evidence was elicited at the November 19, 2014 hearing.] Magisterial District Judge Robert Breakiron dismissed the summary charge of harassment filed against [Sparks], involving the victim Lisa Gluvna, without hearing evidence. April

Balog testified that a summary trial was held involving the non-traffic harassment charges filed against both her and [Sparks]. Both Lisa Gluvna and Trooper Tonya Wroble testified that there was a separate charge of harassment filed against [Sparks], wherein the victim was Lisa Gluvna. Both Gluvna and Trooper Wroble testified that no hearing on the matter took place. Ms. Gluvna was not sworn in, and she did not provide any testimony at any time for the harassment charged filed against [Sparks]. Ms. Gluvna did not testify during the hearing involving April Balog as the victim, and more importantly, she did not testify as to what contact [Sparks] had with her that resulted in a summary citation against [Sparks]. [The trial court] concluded that no hearing occurred, and there was no testimony taken with regard to the summary harassment charge filed against [Sparks] involving Lisa Gluvna as the victim.

*       *       *

Following the November 19, 2014 hearing, [the trial court] denied [Sparks'] motion to dismiss, holding that double jeopardy did not attach in this instance.

Trial Court Opinion ("T.C.O."), 1/13/2015, at 1-4 (capitalization modified; footnotes omitted).

On December 2, 2014, Sparks filed a timely notice of appeal. On the same date, the trial court directed Sparks to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 4, 2014, Sparks filed a timely concise statement. Finally, on January 13, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Sparks raises a single issue for our review: Did the court err in denying [Sparks'] double jeopardy motion? Brief for Sparks at 7. Specifically, Sparks argues that the prosecution of the simple assault and

- 3 -

harassment charges is barred by 18 Pa.C.S. § 110, which we discuss in more detail below. For the reasons that follow, we disagree.

We first confront the issue of whether we have jurisdiction in this case. As a general rule, appellate courts have jurisdiction only over final orders. **See** 42 Pa.C.S. § 742 (providing appellate jurisdiction to Superior Court over "final orders"). A final order is an order that: (1) disposes of all claims or all parties, (2) an order expressly defined by statute as final, or (3) an order that does not resolve all claims in a case, but which nevertheless expressly determines that an immediate appeal would facilitate resolution of the entire case. Pa.R.A.P. 341. It is clear that the pretrial order that is the subject of this appeal is not a final order according to the terms of Rule 341. Nonetheless, the Pennsylvania Supreme Court has declared that "pretrial orders denying double jeopardy claims are final orders for purposes of appeal." **Commonwealth v. Orie**, 22 A.3d 1021, 1024 (Pa. 2011) (quoting **Commonwealth v. Haefner**, 373 A.2d 1094, 1095 (Pa. 1977) (*per curiam*); citing **Commonwealth v. Bolden**, 373 A.2d 90 (Pa. 1977) (plurality)). Thus, as a general rule, such orders are immediately appealable as a final order.

However, the avenue to appeal differs depending on whether the trial court specifically finds that a defendant's double jeopardy claim is frivolous. If a trial court concludes that the claim is frivolous, the defendant still may seek preliminary appellate review of that decision, but the defendant first must seek a stay of the proceedings below with this Court (or the Supreme

- 4 -

Court in a capital case). *Orie*, 22 A.3d at 1026. However, where there is no finding of frivolousness, the appeal may proceed as a final order as established by our Supreme Court in *Haefner* and *Bolden*.

We have reviewed the record thoroughly. The trial court addressed, and rejected, Sparks' claim on the merits, ultimately concluding that Sparks was not entitled to relief. However, at no point did the trial court determine that the claim was frivolous, and, thus, Sparks was not required to seek a preliminary stay of the proceedings from this Court. We must treat the order as a final order for purposes of this appeal, and we have jurisdiction over this appeal.

"An appeal grounded in double jeopardy raises a question of [] law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.]" ***Commonwealth v. Kearns*** 70 A.3d 881, 884 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1063 (Pa. 2014) (quoting ***Commonwealth v. Vargas***, 947 A.2d 777, 780 (Pa. Super. 2008)).

Sparks bases his double jeopardy argument entirely upon the dictates of 18 Pa.C.S. § 110. In ***Commonwealth v. Shull***, 811 A.2d 1 (Pa. Super. 2002), we set forth the elements of § 110 as well as the legal standards that govern a claim under that section as follows:

Section 110 states in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is

based on different facts, it is barred by such former prosecution under the following circumstances:

(1)   The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

   (i)      any offense of which the defendant could have been convicted on the first prosecution;

   (ii)     any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charges of such offense; or

   (iii)    the same conduct, unless:

      (A)   the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

      (B)   the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

Section 110 requires that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials.  18 Pa.C.S. § 110; **Commonwealth v. Hude**, 458 A.2d 177, 181 (Pa. 1983).  This compulsory joinder rule serves two distinct policy considerations.  First, it protects a defendant from the governmental harassment of being subjected to successive trials

for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation. ***Commonwealth v. Failor***, 770 A.2d 310, 313 (Pa. 2001).

Under Section 110, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met:

(1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

***Failor***, 770 A.2d at 314.

***Shull***, 811 A.2d at 4 (citations modified).

Sparks cannot satisfy the first element of the above four-part test. As noted by the trial court, Sparks was neither acquitted nor convicted of the initial harassment charged filed against him in the case involving Lisa Gluvna. In fact, there was no summary trial at all, nor did Sparks plead guilty to any offense. No witnesses were sworn in or called to testify and no other evidence was presented to Judge Breakiron. Notably, the Commonwealth did not request that the harassment charge be dismissed. Rather, Judge Breakiron dismissed the charge. However, it is quite clear from the record that Judge Breakiron did so for the purpose of permitting the Commonwealth to refile the charge as a misdemeanor simple assault charge. The charge was not terminated based upon any determination of whether the Commonwealth failed to prove the charge beyond a reasonable

doubt. Consequently, Judge Breakirons' dismissal cannot be characterized in any manner as an acquittal. Because Sparks' claim fails at the first element of the four-part test, his double jeopardy argument necessarily fails.

Nonetheless, even if Judge Breakiron's dismissal could be construed as an acquittal, Sparks still would not be entitled to relief. Sparks also cannot satisfy the fourth element of the test, which requires that the current charges and the former charges be within the jurisdiction of a single court. *See Shull*, *Failor*, *supra*. It is well-settled that "the compulsory joinder rule does not apply when the prior conviction [or acquittal] is on summary offenses and the pending charges are for misdemeanors[.]" *Shull*, 811 A.2d at 4. This is because summary offenses lie within the jurisdiction of the magisterial district judge, while misdemeanors are in the jurisdiction of the court of common pleas. As we explained in *Shull*:

> a conviction [or acquittal] on a summary offense does not bar the subsequent trial of a misdemeanor or felony charge. This is not to say that the compulsory joinder rule does not apply to summary offenses in any context. A conviction on a summary offense will bar subsequent prosecution of another summary offense charge because the charges are both within the jurisdiction of a single court, in that case the [district magisterial court.]

*Id.* at 5.

Thus, even if Sparks had been acquitted or convicted of the summary harassment charge that originally was filed against Sparks, the subsequent prosecution of him for simple assault in the court of common pleas would

not be barred by § 110 because the charges are not within the jurisdiction of a single court.

In sum, Sparks' double jeopardy claim pursuant to 18 Pa.C.S. § 110 fails because Sparks cannot satisfy the first or the fourth of the four-part test that we reiterated in *Shull*. Consequently, the trial court did not err in denying his motion.

Order affirmed. Case remanded for trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015