J-S19016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO ALAMO | |
| Appellant | No. 1289 EDA 2015 |

Appeal from the Order Entered April 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009987-2014

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 13, 2016**

Appellant Francisco Alamo appeals from the April 1, 2015 order of the Court of Common Pleas of Philadelphia County ("trial court"), denying his pretrial motion to dismiss on compulsory joinder grounds charges for driving under the influence of a controlled substance ("DUI").[1]  After careful review, we reverse.

The facts and procedural history of this case are undisputed.  On May 30, 2014, Appellant was observed driving a green Honda at a high rate of speed on the 1800 block of South 7th Street in Philadelphia, drifting towards parked vehicles.  After stopping Appellant, police officers observed Appellant exhibiting signs of intoxication.  Subsequently, Appellant was arrested for

_____

[1] 75 Pa.C.S.A. § 3802(d)(1) and (2).

DUI and was issued citations for the summary offenses of careless driving (75 Pa.C.S.A. § 3736) and driving without a license (75 Pa.C.S.A. § 1501). Because Appellant failed to plead either "guilty" or "not guilty" on the summary offenses within 10 days, the traffic division of the municipal court entered a verdict of guilty in *absentia* and imposed a fine.

Thereafter, following a preliminary hearing, Appellant was held for trial on the DUI charges under Section 3802(d). On March 25, 2015, Appellant filed a pretrial motion to dismiss the DUI charges under Section 110 of the Crimes Code, 18 Pa.C.S.A. 110, relating to compulsory joinder. Appellant argued that the Commonwealth was required to prosecute him for the DUI charges contemporaneously with the summary offenses. Specifically, Appellant argued that the DUI charges arose from the same criminal episode as the summary offenses for which he was convicted in *absentia*. Appellant also argued that, because the May 30, 2014 incident occurred in Philadelphia, prosecutors were aware of all the resulting criminal charges brought against Appellant. Finally, Appellant argued that prosecution for the DUI charges would occur in the same judicial district as the prosecution for the summary offenses, as both the trial court and the municipal court fall within Pennsylvania's First Judicial District.

The trial court held a hearing on Appellant's motion to dismiss. At the hearing, in response to Appellant's Section 110 challenge, the Commonwealth argued only that Section 110 did not apply to summary offenses. In support of its contention, the Commonwealth principally relied

on ***Commonwealth v. Beatty***, 455 A.2d 1194 (Pa. 1983). Following the hearing, the trial court denied Appellant's motion to dismiss. Appellant timely appealed to this Court.

On appeal,[2] Appellant raises a single issue for our review. Appellant contends that the trial court erred in denying his motion to dismiss under Section 110(1)(ii) because the Commonwealth failed to prosecute him for the DUI offenses contemporaneously with the summary offenses for which he was found guilty in *absentia*.

As our Supreme Court explained in ***Fithian***, Section 110, known as the compulsory joinder rule, "is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain

---

[2] We have jurisdiction over interlocutory appeals arising from a trial court's denial of a motion to dismiss based on compulsory joinder. ***Commonwealth v. Shull***, 811 A.2d 1 (Pa. 2002); ***see Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa. Super. 2007) (noting that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a motion to dismiss on compulsory joinder grounds). Compulsory joinder rule implicates a question of law and, as a result, our review is plenary. Thus, "[a]s with all questions of law, the appellate standard of review is *de novo*." ***Commonwealth v. Vargas***, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations marks omitted); ***see Commonwealth v. Fithian***, 961 A.2d 66, 71 (Pa. 2008) (noting that "[a]s the issue before our Court raises a question of law, our standard of review is *de novo*, and our scope of review is plenary.").

circumstances."[3]    *Fithian*, 961 A.2d at 71.    Section 110, provides in

pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > . . .
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred **within the same judicial district**[4] as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110 (emphasis added).    Section 110(1)(ii) contains four

prongs which, if met, preclude a subsequent prosecution because of a

former prosecution for a different offense:

> (1)   the former prosecution must have resulted in an acquittal or conviction;
>
> (2)   the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

_____

[3] Section 110 serves a twin purpose.   First, it protects a defendant from governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode.   Second, it assures finality without unduly burdening the judicial process by repetitious litigation. *Commonwealth v. Failor*, 770 A.2d 310, 313 (Pa. 2001).

[4] Section 110(1)(ii) was amended in 2002 to substitute "occurred within the same judicial district as the former prosecution" for "was within the jurisdiction of a single court."

(3)    the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4)    the current offenses occurred within the same judicial district as the former prosecution.

*Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004) (citation omitted). Instantly, the first three prongs of the compulsory joinder rule are not at issue.[5] Therefore, we confine our analysis to the fourth prong as it is implicated by the Commonwealth's reliance on *Beatty* for the proposition that Section 110 does not apply to summary offenses.

*Beatty* is unavailing here because it is based on a prior version of Section 110(1)(ii). As our Supreme Court explained in *Commonwealth v. Geyer*, 687 A.2d 815 (Pa. 1996), the holding in *Beatty* was based on the prior version of Section 110(1)(ii), which barred prosecution for a second offense where the subsequent prosecution "**was within the jurisdiction of a single court**." *Geyer*, 687 A.2d at 817 (emphasis added). Thus, under the prior version of Section 110(1)(ii), summary offenses and misdemeanors/felonies were not within the jurisdiction of a single court.[6]

_____

[5] We need not discuss these prongs as they have been satisfied. First, Appellant was convicted of two summary offenses in *absentia*. Second, the instant prosecution for DUI offenses arose from the same criminal episode as the summary offenses. Third, the Commonwealth was aware of the DUI charges when Appellant was found guilty for the summary offenses.

[6] We note that the Court in *Geyer* determined that *Beatty* did not hold that Section 110, as a rule, was inapplicable to summary offenses. *Geyer*, 687 A.2d at 817.

As noted earlier, the legislature deleted the language "within the jurisdiction of a single court" and replaced it with "occurred within the same judicial district."[7]   **See** 18 Pa.C.S.A. § 110(1)(ii).   This amendment to Section 110(1)(ii) resulted in broader language that effectively eliminated any ruling, such as in **Beatty**, that relied upon the much narrower "jurisdiction of a single court" language present in the prior version of Section 110(1)(ii).   Accordingly, we reject the Commonwealth's reliance on **Beatty** and conclude that the trial court erred in the case *sub judice* in denying Appellant's motion to dismiss on compulsory joinder grounds. Specifically, as Appellant correctly notes, the fourth prong of the compulsory joinder rule is met here because the traffic division of the municipal court falls within the same judicial district as the trial court—both are in the First Judicial District of Pennsylvania.[8]

---

[7] Although the term "judicial district" is not defined in the Crimes Code, it is defined in the Judicial Code, which defines judicial district as "[a] district established by section 901 [42 Pa.C.S.A. § 901] (relating to judicial districts) for the election of one or more judges of the court of common pleas."   42 Pa.C.S.A. § 102.   Section 901, in turn, provides "[t]he Commonwealth is divided into 60 judicial districts" and lists the 60 judicial districts, which to a great extent, correspond directly with the geographic boundaries of the Commonwealth's counties.   **Fithian**, **supra**.

[8] Our conclusion is consistent with, and supported by, accepted criminal practice.   Specifically, the Comment to Pa.R.Crim.P. 400, relating to means of instituting proceedings in summary cases, provides:

> If one or more of the offenses charged is a misdemeanor, felony, or murder, the case is a court case (see Rule 103) and proceeds under Chapter 5 of the rules.   Ordinarily, any summary offenses

*(Footnote Continued Next Page)*

Furthermore, it is settled that the burden to consolidate trials must be placed on the Commonwealth. *Failor*, 770 A.2d at 315. As the Court highlighted, case law

> countenance[s] against waiver unless the defendant has taken some **sort of affirmative action** to separate the prosecutions pending against him. These cases strongly suggest that the burden to protect a defendant from vexatious litigation and to conserve judicial resources rests squarely on the shoulders of the Commonwealth and thus, it is the Commonwealth's burden, rather than the defendant's, to move for consolidated trials.

*Failor*, 770 A.2d at 314-15 (emphasis added). Here, our review of the record reveals that Appellant did not take any affirmative steps to separate the prosecutions for the summary and misdemeanor DUI offenses as evidenced by his failure to respond to the summary citations or to oppose consolidation for which the Commonwealth never moved. Accordingly, it cannot be argued that Appellant somehow waived his right to a consolidated trial. *Id.* ("Mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110.").

In light of the foregoing, we reverse the trial court's order denying Appellant's motion to dismiss the DUI charges under Section 110.

Order reversed.

*(Footnote Continued)* _____

> in such a case, if known at the time, must be charged in the same complaint as the higher offenses and must be disposed of as part of the court case.

Pa.R.Crim.P. 400.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016