J-S62006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN WRIGHT | : | |
| | : | |
| Appellant | : | No. 249 EDA 2018 |

Appeal from the PCRA Orders of January 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005223-2015,
CP-51-CR-0006553-2015, CP-51-CR-0006554-2015,
CP-51-CR-0013452-2011, CP-51-CR-0016419-2009

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                 **FILED DECEMBER 20, 2018**

Shawn Wright appeals from the orders,[1] entered in the Court of

Common Pleas of Philadelphia County, dismissing his petition filed pursuant

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon

careful review, we affirm.

The PCRA court set forth the procedural history of this matter as follows:

On December 22, 2016, [Wright] filed a *pro se* petition pursuant
to the [PCRA].  The petition pertained to [five separate docket

_____

[1] Wright was convicted at five separate docket numbers.  Although he filed a
single PCRA petition, in dismissing the petition, the PCRA court issued five
separate orders—one at each docket number.  Wright filed a single notice of
appeal as to all five orders.  Recently, in **Commonwealth v. Walker**, 185
A.3d 969 (Pa. 2018), our Supreme Court prospectively held that, where an
appeal arises from more than one lower court docket, separate notices of
appeal must be filed for each docket number.  However, because the notice
of appeal in this matter was filed prior to the Court's June 1, 2018 decision in
**Walker**, we need not quash the appeal.

numbers].  With respect to those cases, on March 21, 2016, [Wright] appeared before this [c]ourt and entered [] negotiated guilty pleas to aggravated assault, graded as a felony of the first degree, criminal conspiracy, and possession of a firearm prohibited as of CP-51-CR-0006553-2015[;] aggravated assault, graded as a felony of the first degree, as of CP-51-CR-0006554-2015[;] and possession of a firearm prohibited as of CP-51-CR-0005223-2015, in exchange for which he received a negotiated aggregate sentence of seven to twenty years' incarceration.

With regard to the other two cases[,] CP-51-CR-0013452-2011 and CP-51-CR-0016419-2009, [Wright] appeared before the Honorable Roxanne Covington of the Court of Common Pleas of Philadelphia County on December 28, 2011, and entered negotiated guilty pleas in both cases to charges of possession of a controlled substance with intent to deliver (hereinafter PWID) and possession of a controlled substance[,] for which he received concurrent negotiated sentences of eleven and one-half to twenty-three months' incarceration[,] followed by three years' reporting probation in both cases[.]  Subsequent thereto, [Wright] was accused of violating his probation in both of these matters.  Both cases were later adopted by this [c]ourt after Judge Covington relinquished jurisdiction for purposes of having this [c]ourt convene a violation of probation hearing in those matters.  This [c]ourt held that hearing on March 21, 2016, the same day the guilty plea hearing was held in the other cases.  At the conclusion of the hearing, this [c]ourt revoked probation in both cases and imposed two new sentences of three to eight years' incarceration on the PWID charges, which sentences were ordered to run concurrently with each other and with the sentence of seven to twenty years' incarceration imposed in the [other] matters.

PCRA Court Opinion, 1/23/18, at 1-2.

Wright did not appeal any of his judgments of sentence.  Instead, on December 22, 2016, he filed the instant PCRA petition.  The PCRA court appointed counsel, who filed a *Turner*/*Finley*[2] "no-merit" letter on August

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

24, 2017, as well as a motion to withdraw as counsel. On August 29, 2017, the court issued notice of its intent to dismiss Wright's petition pursuant to Pa.R.Crim.P. 907, to which Wright submitted multiple *pro se* responses. In one response, Wright indicated that he had not received a copy of counsel's no-merit letter. Wright ultimately received the no-merit letter on September 18, 2017. Brief of Appellant, at 10. By order dated September 26, 2017, the PCRA court granted Wright until October 27, 2017, to file a response to the court's Rule 907 notice. Thereafter, Wright filed responses and counsel filed a supplemental ***Turner/Finley*** no-merit letter, addressing an additional issue Wright raised in one of his *pro se* filings. On January 2, 2018, the PCRA court issued an order dismissing Wright's petition and granting counsel's motion to withdraw. This *pro se* appeal follows, in which Wright raises the following issues, *verbatim*, for our review:

> 1. Did the PCRA court err when it issued two [b]oilerplate [n]otices [i]ntending to [d]ismiss, where the PCRA court merely adopted PCRA [c]ounsel's [n]o-[m]erit letter without independently reviewing the record and giving adequate reasons as to why [Wright's] claims were without arguable merit, etc.?
>
> 2. Did the PCRA [c]ourt err when it stated that PCRA [c]ounsel deemed [Wright's] claims as meritless, when in fact, PCRA [c]ounsel ONLY stated that the prejudice prong was not met in PCRA [c]ounsel's [s]upplemental [n]o-[m]erit letter, etc.?
>
> 3. Did the PCRA [c]ourt err when it permitted PCRA [c]ounsel to withdraw after PCRA [c]ounsel failed to file an amended PCRA [p]etition even though PCRA counsel proved that [Wright's] [d]ouble [j]eopardy claim had merit in PCRA counsel's [s]upplemental [n]o-[m]erit letter; and where PCRA counsel failed to properly address each and every claim which [Wright] attempted to raise and have reviewed by the PCRA [c]ourt thereby

making PCRA counsel's [n]o-[m]erit letter legally deficient and incomplete, etc.?

4. Did the PCRA [c]ourt err when it determined that [Wright] was not prejudiced, and suffered no harm as a result of PCRA counsel failing to provide [Wright] with a copy of PCRA counsel's [n]o-[m]erit letter in a timely manner, etc.?

5. Did the PCRA [c]ourt err when it determined that [p]lea counsel was not ineffective for failing to object to the [s]tatutory [m]aximum sentences and argue for lesser sentences, although [p]lea counsel sought lesser sentences on other grounds, etc.?

6. Did the PCRA [c]ourt err when it determined that PCRA counsel was not ineffective for telling [Wright] that there was no possible way to receive any lesser sentences, either resulting from a loss of trial, a better plea deal, or an [o]pen [p]lea, etc.?

7. Did the PCRA [c]ourt err when it determined that [p]lea counsel was not ineffective for failing to inform [Wright] that a mandatory [d]eadly [w]eapon [e]nhancement was structured into [Wright's] negotiated plea, where [Wright] would not have agreed to such a negotiated plea had [he] been properly informed, etc.?

8. Did the PCRA [c]ourt err when it allowed PCRA counsel to consult with [Wright's] [p]lea counsel off the record concerning [Wright's] claims, when an [e]videntiary [h]earing should have been held to determine if [p]lea counsel was ineffective or not, as that is the appropriate way to adjudicate [Wright's] claims which have arguable merit, etc.?

9. Did the PCRA [c]ourt err when it determined that [Wright's] sentences for [a]ggravated [a]ssault did not violate the [d]ouble [j]eopardy clause and *Campana*[3] [r]ule, etc.?

10. Did the PCRA [c]ourt err when it determined that [Wright's] sentence for [a]ggravated [a]ssault and [c]onspiracy [to commit] [a]ggravated [a]ssault were not illegally imposed in accordance with 42 Pa.C.S. [§] 9714, etc.?

11. Did the PCRA [c]ourt err when it determined that [Wright's] sentences for illegal firearm possession were not illegally imposed

---

[3] *Commonwealth v. Campana*, 304 A.2d 432 (Pa. 1973), vacated, 414 U.S. 808 (1973) (*Campana I* ), on remand, 314 A.2d 854, cert. denied, 417 U.S. 969 (1974) (*Campana II* ).

in accordance with an unconstitutional mandatory minimum statute, 42 Pa.C.S. [§] 9712, etc.?

12. Did the PCRA [c]ourt err when it determined that adequate reasons were stated on [Wright's] [g]uideline [s]entencing [f]orms for sentencing [him] outside of the guidelines and in the aggravated range, although the [s]entencing [c]ourt merely adopted the Commonwealth's reasons for the sentences imposed, etc.?

13. Did the PCRA [c]ourt err when it determined that the [s]entencing [c]ourt stated adequate reasons on the record for sentencing [Wright] in the aggravated range for [a]ggravated [a]ssault, and outside of the guideline range altogether for [c]onspiracy [to commit] [a]ggravated [a]ssault, etc.?

14. Did the PCRA [c]ourt err when it determined that the [s]entencing [c]ourt did not have to proffer reasons on the record for failing to order a [p]re-[s]entence [i]nvestigation [r]eport, etc.?

Brief of Appellant, at 2-5 (renumbered for ease of disposition).

We begin by noting our standard of review in this matter.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations omitted).

Wright first claims that the PCRA court erred when it issued two "boilerplate" notices of intent to dismiss. Wright asserts that the PCRA court should have independently reviewed the record and provided adequate reasons as to why his claims were meritless. He is entitled to no relief.

Rule 907 provides, in relevant part, as follows:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

Here, the PCRA court issued a Rule 907 notice in which it informed Wright that "[y]our attorney has determined that the issues in your *pro se* Post Conviction Relief Act petition are without merit. Counsel's letter pursuant to [**Turner**/**Finley**] is attached." Rule 907 Notice, 11/28/17. In **Commonwealth v. Ousley**, 21 A.3d 1238 (Pa. Super. 2011), this Court deemed such a notice satisfactory. In that case, the PCRA court issued a Rule 907 notice indicating its intent to dismiss the appellant's PCRA petition "for the reasons discussed in counsel's no-merit letter[.]" **Id.** at 1246. There, counsel's no-merit letter "discussed at length the fact Appellant's claims presented in his *pro se* PCRA petition were waived by virtue of the fact he pled guilty and failed to file a timely direct appeal in which the substantive claims could have been presented." **Id.** Those reasons mirrored the reasons provided in support of the PCRA court's order dismissing Ousley's petition.

Likewise, here, the PCRA court's Rule 907 notice specifically referenced counsel's no-merit letter, which it attached as an exhibit to the Rule 907

notice. In its opinion, the PCRA court independently reviewed the record, addressed the issues raised by Wright in his *pro se* filings, and concluded that Wright's claims were meritless.

The cases cited by Wright are inapposite. Two of those cases, ***Commonwealth v. Feighery***, 661 A.2d 437 (Pa. Super. 1995), and ***Commonwealth v. Morris***, 684 A.2d 1037 (Pa. 1996), involve scenarios in which the PCRA failed altogether to issue notices of intent to dismiss. Neither ***Commonwealth v. Williams***, 732 A.2d 1167 (Pa. 1999), nor ***Commonwealth v. Bennett***, 462 A.2d 772 (Pa. Super. 1993), address issues concerning notices of intent to dismiss. In ***Commonwealth v. Rush***, 838 A.2d 651 (Pa. 2003), and ***Commonwealth v. Williams***, 782 A.2d 517 (Pa. 2001), the PCRA court's notices gave no indication whatsoever of the reasons for dismissal. In light of the foregoing, Wright's first claim is meritless.

Wright's next claim involves the manner in which PCRA counsel and the PCRA court addressed the numerous claims of ineffectiveness of counsel raised in his *pro se* PCRA petiton. Specifically, Wright argues that the PCRA court erred in denying him a hearing because, in evaluating Wright's claims in his no-merit letter, PCRA counsel did not reach the merits of each prong of the ineffectiveness test and, instead, concluded only that Wright was not entitled to relief because he could not prove prejudice. Because Wright incorrectly construes the three-part test for ineffectiveness, his claim is without merit.

When an ineffectiveness claim is raised,

a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland*[4] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *If a petitioner fails to prove any of these prongs, his claim fails*.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal citations, quotation marks, and brackets omitted) (emphasis added).

Moreover, the right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Granberry*, 644 A.2d 204, 208 (Pa. Super. 1994). "A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Id.*

Here, PCRA counsel reviewed each of Wright's ineffectiveness claims and concluded that none of the underlying claims was meritorious and, thus, Wright suffered no prejudice. The PCRA court, after performing an independent review, agreed with counsel's assessments. Because an ineffectiveness claim fails if the petitioner is unable to prove any one of the three prongs of the ineffectiveness test, *Spotz*, *supra*, once counsel and the

_____

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

- 8 -

court concluded that one prong was not satisfied, it was unnecessary to address the remaining prongs. Wright's claims lacked merit and had no support in the record. Thus, the court acted within its discretion in dismissing his petition without an evidentiary hearing. **Granberry**, **supra**.

Next, Wright claims that the PCRA court erred in permitting PCRA counsel to withdraw where counsel failed to properly address every claim Wright raised in his *pro se* petition, in particular, a double jeopardy claim. This claim is meritless. First, counsel did, in fact, address Wright's double jeopardy claim in the supplemental **Turner**/**Finley** letter filed on November 28, 2017. Second, in his appellate brief, Wright fails to specify which other claims he believes PCRA counsel failed to address in his no-merit letters. "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of Appellant's claim." **Commonwealth v. Williams**, 176 A.3d 298, 306 (Pa. Super. 2017). **See** Pa.R.A.P. 2119(c) ("If reference is made to . . . any . . . matter appearing in the record, the argument must set forth . . . a reference to the place in the record where the matter referred to appears."). **See also Commonwealth v. Harris**, 979 A.2d 387, 393 (Pa. Super. 2009) ("When an allegation is unsupported by any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal."). Accordingly, Wright has waived review of the remainder of this undeveloped claim.

Next, Wright asserts that the PCRA court erred when it determined that Wright was not prejudiced by the fact that PCRA counsel failed to provide him

a copy of counsel's no-merit letter in a timely manner. This claim is patently meritless.

Here, counsel was apparently provided with an incorrect inmate number for Wright. As a result, Wright did not initially receive a copy of the no-merit letter sent to him by counsel. However, after Wright contacted the PCRA court to inform it of this fact, the court ensured that Wright received a copy of the letter. Wright concedes that he did, in fact, receive the letter on September 18, 2017. *See* Brief of Appellant, at 10. Thereafter, on September 26, 2017, the PCRA court issued an order granting Wright an extension, until October 27, 2017, to respond to the court's Rule 907 notice of intent to dismiss. Thus, Wright had 39 days to respond to counsel's no-merit letter, which is 19 days more than required under Rule 907. As Wright cannot establish that he was prejudiced by the delay, he is entitled to no relief.

We address Wright's next two claims together. These claims involve the alleged ineffectiveness of plea counsel for (1) failing to argue at sentencing that Wright should receive less than the statutory maximum sentence, and (2) advising Wright that there was no possible way to receive a lesser sentence. Wright's claims are belied by the record.

In order to invalidate a plea on the basis of ineffectiveness of counsel, a petitioner must plead and prove that the ineffectiveness caused an involuntary or unknowing plea. ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002). When the record clearly demonstrates that a guilty plea colloquy was conducted, during which it becomes evident that the

defendant understood the nature of the charges against him, the voluntariness of the plea is established. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). At a minimum, a plea colloquy must inform a defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007).

Based on the record before us, Wright is unable to demonstrate that his plea was involuntary. At Wright's guilty plea/sentencing hearing, the court engaged in a colloquy with Wright in which it discussed the above requirements. *See generally,* N.T. Guilty Plea/Sentencing, 3/21/16. Most relevant to this claim, the court advised Wright that, if convicted at trial, he faced a maximum aggregate sentence of 50 years. *Id.* at 4. Wright indicated his understanding of that fact, as well as of the fact that, as a result of the negotiated plea agreement, he would receive an aggregate sentence of 7 to 20 years. *Id.* Wright affirmed that no other promises or threats had been made to him and that his current probation would be affected by his plea. *Id.* at 7. He acknowledged that he was satisfied with counsel's representation, *id.*, and that he had read and signed the written guilty plea colloquies. *Id.* at

- 11 -

7-8. In signing the written colloquies, Wright affirmed that no one had promised him anything or threatened or forced him to plead guilty. Written Plea Colloquy, 3/21/16, at 1. He also acknowledged the possible maximum sentences and the agreed-upon aggregate sentence recommendation. *Id.* Finally, Wright acknowledged that he had had sufficient time to confer with his attorney and that the decision to plead guilty was his alone. *Id.* at 3.

In light of the statements made by Wright on the record at his guilty plea/sentencing hearing, as well as in his written colloquies, it is readily apparent that his plea was entered knowingly, voluntarily and intelligently and was not the result of any alleged promises made by counsel. Moreover, because the plea was negotiated and Wright agreed to the terms of his sentence, Wright's counsel cannot be deemed ineffective for failing to argue for a lesser term of incarceration at the time of sentencing. Accordingly, these claims are meritless.

Wright next asserts that the PCRA court erred when it allowed PCRA counsel to consult with Wright's plea counsel off the record[5] concerning Wright's claims, rather than holding an evidentiary hearing to determine if plea counsel was ineffective. He is entitled to no relief.

---

[5] In his initial no-merit letter, PCRA counsel stated that his "extensive and intensive review" of Wright's case included a review of "[Wright's] *pro se* PCRA petition, several letters of correspondence, the docketing history and entries, petitioner's court summary, guilty plea colloquies, sentencing notes of testimony *and in-person conversations with trial counsel*[.]" **Turner**/**Finley** No-Merit Letter, 8/24/17 at 1 (emphasis added).

- 12 -

Wright cites no case law or other authority supporting his contention that it is improper or incorrect for PCRA counsel to interview plea counsel regarding a petitioner's claims of ineffectiveness. Indeed, as the Commonwealth notes in its brief, "a zealous PCRA advocate likely should contact [plea] counsel in an independent attempt to determine the validity of potential claims." Commonwealth's Brief, at 11. Wright does not suggest any basis to conclude that PCRA counsel's communications with plea counsel in any way impeded his independent review of the record. Moreover, PCRA counsel, the PCRA court, and this Court have concluded that Wright's claims of plea counsel's ineffectiveness are all without merit. Accordingly, he is unable to establish prejudice and is entitled to no relief.

Wright next claims that the PCRA court erred when it determined that his sentences for aggravated assault did not violate double jeopardy, the rule set forth in **Campana I** and **Campana II**,[6] and Pa.R.Crim.P. 505. Double jeopardy claims "implicate the fundamental legal authority of the court to impose the sentence that it did" and, therefore, challenge the legality of the sentence imposed. **Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa.

_____

[6] In **Campana I**, our Supreme Court designed a rule of compulsory joinder requiring a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode. **See Commonwealth v. Hude**, 458 A.2d 177 (Pa. 1983). In the interim between **Campana I** and **Campana II**, the legislature enacted 18 Pa.C.S.A. § 110, precluding the subsequent prosecution of charges not joined as prescribed. **See Commonwealth v. Beatty**, 455 A.2d 1194 (Pa. 1983).

Super. 2007). As such, his claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9542.

Under 18 Pa.C.S.A. § 110, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met:

> (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

***Commonwealth v. Shull***, 811 A.2d 1, 4 (Pa. Super. 2002), quoting ***Commonwealth v. Failor***, 770 A.2d 310, 314 (Pa. 2001).

Additionally, Pennsylvania Rule of Criminal Procedure 505 provides in relevant part:

> (B) When more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case.
>
> . . .
>
> (C) Upon application by any interested person and proof that any provision of paragraphs (A) or (B) was violated, a judge may order forfeiture of all additional costs of the issuing authority accrued by reason of such violation, and thereafter such costs shall not be taxed in the case.

Pa.R.Crim.P. 505(B) and (C). Our Supreme Court has held that a court cannot remedy a violation of Rule 505(B) with dismissal. ***Commonwealth v. Tome***, 398 A.2d 1369, 1372 (Pa. 1979). Rather, the only remedy is relief from the

additional costs incurred from defending the second action separately. **Commonwealth v. Snyder**, 560 A.2d 165, 173 (Pa. Super. 1989).

Here, Wright was not subjected to multiple prosecutions arising from the same criminal episode. Rather, he simultaneously entered guilty pleas to charges at multiple docket numbers. As the PCRA court notes, had Wright not pled guilty, "both indictments would certainly have been joined for trial and been tried together." PCRA Court Opinion, at 8. However, because Wright entered a global plea as to all indictments, any double jeopardy claim under section 110 or Rule 505 is rendered moot.[7]

Wright's next two claims assert that his sentences were illegal. Specifically, he claims that his sentences for aggravated assault and conspiracy to commit aggravated assault were illegal under 42 Pa.C.S.A. § 9714 (mandatory minimum sentences for second and subsequent offenses) and that his sentences for persons not to possess firearms were illegal as unconstitutional mandatory minimums under 42 Pa.C.S.A. § 9712 (mandatory minimum sentences for offenses committed with firearms). Wright is entitled to no relief. The sentences he received were not imposed pursuant to either

_____

[7] With regard to Rule 505, Wright attempts to argue that he was subjected to the payment of court costs and fees twice, although he does not specify what duplicated costs he incurred. In any event, Rule 505 provides relief from "additional costs incurred _from defending the second action separately_." **Snyder**, **supra** (emphasis added). Wright was not compelled to defend a second action separately and, therefore, is entitled to no relief.

section 9714 or section 9712. Rather, they were negotiated sentences imposed in conjunction with a knowing, intelligent and voluntary guilty plea. In addition, all sentences were within the statutory limits.[8]

Wright's final three claims challenge the discretionary aspects of his sentence. In particular, Wright asserts that the court did not state adequate reasons on the record for his sentences and did not provide its reasons for dispensing with a pre-sentence investigation report. Requests for relief with respect to the discretionary aspects of a sentence are not cognizable under the PCRA.[9] **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, Wright is entitled to no relief on these claims.

Orders affirmed.

---

[8] The statutory maximum sentence for aggravated assault (F1), 18 Pa.C.S.A. § 2702(a)(1), is 20 years. **See** 18 Pa.C.S.A. § 1103(1). Wright was sentenced to two concurrent terms of 7 to 20 years' imprisonment for his aggravated assault convictions. The statutory maximum sentence for possession of firearm by person prohibited (F2), 18 Pa.C.S.A. § 6105(a), is 10 years. **See** 18 Pa.C.S.A. § 6105(a.1); 18 Pa.C.S.A. § 1103(2). Wright was sentenced to two terms of 5 to 10 years' incarceration for his two convictions of that crime.

[9] While our Court has held that claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA, **see Commonwealth v. Whitmore**, 860 A.2d 1032, 1036 (Pa. Super. 2004), *reversed in part on other grounds*, 912 A.2d 827 (Pa. 2006), here, Wright has not asserted ineffectiveness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/18</u>